UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

GARY LOUIS CORBRAY,

Petitioner,

v.

RON FRAKER,

Respondent.

NO. CV-09-3034-EFS

**ORDER DISMISSING HABEAS PETITION AND ENTERING JUDGMENT IN RESPONDENT'S FAVOR**

Before the Court are Petitioner Gary Louis Corbray's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("the Petition") (Ct. Rec. 12), Motion for Evidentiary Hearing (Ct. Rec. 3), and Motions to Submit Witness List (Ct. Recs. 5 & 22). Mr. Corbray challenges his March 4, 2005 convictions for first-degree child molestation on the grounds that 1) he was denied effective assistance of counsel at trial and on appeal, 2) testimony was unconstitutionally admitted at trial, 3) his right to a speedy trial was violated, and 4) his constitutional right to an impartial jury was violated. Respondent Ron Fraker opposes the Petition, contending that the claims are procedurally barred because 1) Mr. Corbray failed to fairly present his federal claims to the state courts and 2) the state courts applied an independent and adequate state procedural rule. (Ct. Rec. 18.) After reviewing the submitted material and relevant authority, the Court is

fully informed and dismisses the Petition for the reasons set forth below.

**A. Procedural Background**

A jury convicted Mr. Corbray of first-degree child molestation in Yakima County Superior Court. He was sentenced to an indeterminate sentence with a maximum term of life and a minimum term of fifty-eight (58) months confinement. (Ct. Rec. 20 Ex. 1.) Counsel, on Mr. Corbray's behalf, filed a direct appeal on January 13, 2006. *Id.* Ex. 4. On February 1, 2006, Mr. Corbray supplemented this appeal. *Id.* Ex. 5. On September 7, 2006, the Washington Court of Appeals' Commissioner denied the appeal. *Id.* Ex. 3. Mr. Corbray's counsel filed a Motion to Modify the Commissioner's Ruling, *id.* Ex. 8; this motion was denied, *id.* Ex. 9. On January 22, 2007, Mr. Corbray filed pro se a Motion for Discretionary Review with the Washington Supreme Court. *Id.* Ex. 11. Because no action was taken by the Washington Supreme Court, the Court of Appeals' decision became final on March 7, 2007. *Id.* Ex. 14.

Mr. Corbray then filed a Personal Restraint Petition (PRP) with the Washington Court of Appeals on November 16, 2007. *Id.* Exs. 15 & 16. The Court of Appeals dismissed the PRP. *Id.* Ex. 18-B. On October 30, 2008, Mr. Corbray filed a Motion for Discretionary Review with the Washington Supreme Court. *Id.* Ex. 19. The Washington Supreme Court denied review. *Id.* Ex. 20.

Mr. Corbray filed his habeas petition on March 23, 2009. (Ct. Rec. 1.) On June 15, 2009, Respondent filed his response, along with a copy of the state court record. (Ct. Rec. 18.) Mr. Corbray filed a reply on July 7, 2009. (Ct. Rec. 21.)

**B. Standard**

A person in custody pursuant to a state court judgment can request that a federal court determine whether his custody is in violation of the U.S. Constitution. 28 U.S.C. § 2254. One requirement, however, is that the petitioner must exhaust available state court remedies. *Id.* § 2254(b)(1); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (requiring state court to have opportunity to address and correct alleged violations of the prisoner's federal rights). In addition, this Court may not consider the merits of a federal constitutional claim if the Washington Supreme Court denied collateral relief based on an independent state procedural ground. *See Murray v. Carrier*, 477 U.S. 478, 492 (1986). Further, to be successful, the petitioner must show that the state court decision 1) was contrary to, or involved an unreasonable application of, clearly established federal law, or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.[1] 28 U.S.C. § 2254(d).

**C. Analysis**

1. Claim 1: Ineffective Assistance of Counsel

Mr. Corbray argues that his constitutional right to effective assistance of counsel was violated at the trial stage and on appeal. Respondent argues that this claim is procedurally barred because the

---

[1] The state court ruling is presumed correct and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.* § 2254(e)(1); *McKenzie v. McCormick*, 27 F.3d 1415, 1418-19 (9th Cir. 1994).

Washington Supreme Court declined to review the merits of Mr. Corbray's ineffective assistance of counsel claim, relying on a state procedural rule.

If the Washington Supreme Court dismissed a collateral attack upon a criminal conviction based on an independent and adequate state procedural rule, this Court cannot consider the merits of a federal constitutional claim unless cause and actual prejudice are shown. *See Murray v. Carrier*, 477 U.S. 478, 492 (1986); *Anselmo v. Sumner*, 882 F.2d 431, 431 (9th Cir. 1989). In order to constitute an independent and adequate state procedural rule, the state rule must 1) not be "interwoven with the federal law," *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983), and 2) be clear, consistently applied, and well-established at the time of Mr. Corbray's purported default, *see Wells v. Maas*, 28 F.3d 1005, 1010 (9th Cir. 1994). Also, the Washington Supreme Court must have "clearly expressed in a 'plain statement' its reliance" on the state procedural rule as the reason to deny collateral relief. *Anselmo*, 882 F.2d at 433 (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989)).

Here, the Washington Supreme Court on collateral review stated the following in relation to Mr. Corbray's arguments that trial and appellate counsel were ineffective:

> Mr. Corbray bases . . . [this claim] on conclusory allegations unsupported by any citation to the record or to admissible evidence. This is not sufficient. In re Pers. Restraint of Rice, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992).

(Ct. Rec. 20 Ex. 20 p. 2.) *In re Rice*, which is based on Washington Rule of Appellate Procedure 16.7(a)(2)(i), is not interwoven with federal law. Plus, it is a procedural bar that has been clearly and

consistently applied before and following Mr. Corbray's clearly-expressed default. *See Williams v. Payne*, 2006 WL 3469603, *3 (W.D. Wash. Nov. 29, 2006). Therefore, the Washington Supreme Court dismissed Mr. Corbray's ineffective assistance of counsel claims based on an independent and adequate state procedural rule.

The Court may nevertheless review this procedurally-barred federal claim if Mr. Corbray can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[2] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Court finds that Mr. Corbray failed to so demonstrate. Accordingly, Mr. Corbray is barred from asserting his ineffective assistance of counsel claims.

2. Claim 2: Unconstitutionally Admitted Trial Testimony

Mr. Corbray also argues that the trial court improperly admitted Officer Kimberly Hipner's testimony because she destroyed notes from an interview with Mr. Corbray during which Mr. Corbray alleges he requested counsel. Respondent contends that this claim is unreviewable because Mr. Corbray failed to present it to both state appellate courts either on direct or collateral review, i.e., he failed to exhaust available state remedies.

The exhaustion doctrine provides that habeas relief must be denied if the petitioner has not "exhausted the remedies available in the

[2] "'Cause' is a legitimate excuse for the default, and 'prejudice' is actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991).

courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see Muhammad v. Close*, 540 U.S. 749, 751 (2004). In order to exhaust available state court remedies, the habeas petitioner must "fairly present" his federal claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Washington provides two avenues of relief for state prisoners: direct appeal and collateral review through a personal restraint petition. *See Washington v. McFarland*, 127 Wn.2d 322, 335 (1995). The Court finds that the exhaustion requirement, which serves the law of comity, is satisfied when an issue is "fairly presented" to both the state court of appeals and supreme court during either the direct appeal or the personal restraint petition.

In order to fairly present a federal claim, it must be raised in the petition or brief. *Baldwin*, 541 U.S. at 32. Further, the petitioner must describe both the operative facts and the federal legal theory on which his claim is based. *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). The petitioner can raise the federal legal theory by citing to a federal constitutional provision, a federal statute, or citing to federal case law, or simply labeling the claim "federal." *Id.* at 1011. A limited exception to the requirement that the federal claim be presented to both state appellate courts exists if the state's highest court reaches the merits of the federal claim. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991).

In connection with the direct appeal, Mr. Corbray argued to the Washington Court of Appeals that the trial court erred in admitting his pretrial statements; however, neither his briefs addressed destruction

of evidence by Officer Hipner, nor did the Court of Appeals' analysis discuss destruction of evidence. Even if the Court reads Mr. Corbray's wrongful admission argument broadly, neither counsel nor Mr. Corbray cited to federal law. (Ct. Rec. 20 Exs. 4 & 5.) Mr. Corbray also failed to present this argument to the Washington Supreme Court on direct review. *Id.* Ex. 11.

In his Court of Appeals' PRP submission, Mr. Corbray alleged that Officer Hipner destroyed and rewrote evidence. *Id.* Ex. 16 pp. 22 & 36. In connection with this argument, Mr. Corbray cited to federal case law and constitutional standards. *Id.* Ex. 16 pp. 36-37. Yet, in his PRP brief to the Washington Supreme Court, Mr. Corbray only cited to Washington law when arguing that his statements made to Officer Hipner were unlawfully admitted. And in addressing this argument, the Washington Supreme Court relied only upon Washington law. *Id.* Ex. 20 p. 1.

Accordingly, the Court finds that Mr. Corbray failed to fairly present to both state appellate courts during either direct or collateral review his argument that the trial court improperly admitted Officer Hipner's testimony because she destroyed interview notes; therefore, the exhaustion doctrine applies.

Because more than one year has passed since Mr. Corbray's conviction became final on March 19, 2007, his claim is now time-barred in state court given that there are no facts alleged that would establish cause and prejudice or extraneous circumstances that prevented Mr. Corbray from raising this claim in his timely-filed personal restraint petition. RCW 10.73.090(1) & 10.73.140; Wash. Rule of App.

Proc. 16.4(d); *see Coleman*, 501 U.S. at 750. Furthermore, Mr. Corbray presented no evidence demonstrating actual innocence. *See Schulup v. Delo*, 513 U.S. 298, 327-29 (1995). For these reasons, the Court dismisses Mr. Corbray's second federal claim.

3. Claim 3: Speedy Trial Violation

Mr. Corbray also contends that his federal right to a speedy trial was violated because of trial counsel's numerous continuance requests. Respondent argues that this claim is procedurally barred under *In re Rice*, 118 Wn.2d at 886. The Court agrees. Like Mr. Corbray's ineffective assistance of counsel claims, the Washington Supreme Court, citing to *In re Rice*, denied collateral review of Mr. Corbray's speedy trial violation arguments because he failed to support his conclusory allegations with any citation to the record or admissible evidence. (Ct. Rec. 20 Ex. 20 p. 2.) Mr. Corbray failed to demonstrate cause for his procedural default, resulting prejudice, or a fundamental miscarriage of justice. Accordingly, the Court finds that Mr. Corbray is procedurally barred from asserting speedy trial violation arguments in this habeas petition.

4. Claim 4: Impartial Jury

Mr. Corbray contends that his due process right to be tried by an unbiased jury was violated. Respondent argues that dismissal of this claim is required because Mr. Corbray failed to fairly present this as a federal claim to both state appellate courts during either direct or collateral review.

In his direct appeal brief to the Washington Court of Appeals, Mr. Corbray asserted facts to support his argument that he was denied a fair

trial; he did not, however, cite to federal law. (Ct. Rec. 20 Ex. 5.) Nonetheless, the Washington Court of Appeals recognized that both the U.S. and Washington Constitutions convey the right to a fair and impartial jury in any criminal proceeding. U.S. Const. amend. VI. Yet, Mr. Corbray did not argue that he was denied a fair trial because of a biased jury in his brief to the Washington Supreme Court on direct review. (Ct. Rec. 20 Ex. 11.) Accordingly, Mr. Corbray did not fairly present this claim to both state appellate courts during direct review.

In his PRP brief to the Washington Court of Appeals, Mr. Corbray argued that he was denied the right to an impartial jury and cited to the U.S. Constitution and Fifth and Sixth Amendments and to federal cases. *Id.* Ex. 16 pp. 34 & 35. The Court of Appeals, however, did not consider this argument, stating "[t]his court will not review issues previously raised and rejected in a direct appeal unless the petitioner can show that reexamination of the issues will serve the ends of justice," citing to *In re Gentry*, 137 Wn.2d 378, 388 (1999). (Ct. Rec. 20 Ex. 18-B p. 2.)

In his PRP motion for discretionary review with the Washington Supreme Court, Mr. Corbray cited to *Field v. Brown*, 503 F.3d 755, 779 (9th Cir. 2007), and referred to a defendant's right to an impartial jury. (Ct. Rec. 20 Ex. 19 p. 16.) The Supreme Court also did not address the merits of this argument, stating: "[Mr. Corbray] does support the juror bias claim with a portion of the trial transcript, but the Court of Appeals considered and rejected this claim on direct appeal. Mr. Corbray does not show that the interests of justice require reconsideration of this issue. *Lord*, 123 Wn.2d at 303." *Id.* Ex. 20

p. 2. The Court finds that the Washington Supreme Court clearly relied on an independent and adequate state procedural rule to deny Mr. Corbray collateral relief on this claim.[3]

Accordingly, because 1) Mr. Corbray did not raise this claim to the Washingotn Supreme Court on direct appeal and 2) the Washington Supreme Court relied upon an independent and adequate state procedural rule during the collateral proceeding, the Court dismisses Mr. Corbray's fourth claim - violation of his federal constitutional right to an unbiased jury.

5. Other Requests

Mr. Corbray asks the Court to set a hearing and to require disclosure of witnesses. Because the Court has determined that Mr. Corbray's claims are procedurally barred as a result of the application of state procedural rules and failure to exhaust available state remedies, an evidentiary hearing and disclosure of witnesses are not required. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998).

**D. Conclusion**

Accordingly, **IT IS HEREBY ORDERED:**

1. Mr. Corbray's Petition Under 28 U.S.C. § 2254 for Writ of

---

[3] Washington "take[s] seriously the view that a collateral attack by PRP on a criminal conviction and sentence should not simply be reiteration of issues finally resolved at trial and direct review, but rather should raise new points of fact and law that were not or could not have been raised in the principal action, to the prejudice of the defendant." *In re Gentry*, 137 Wn.2d at 388-89; *see also In re Lord*, 123 Wn.2d 296 (1994).

Habeas Corpus by a Person in State Custody **(Ct. Rec. 12)** is **DISMISSED.**

2. Mr. Corbray's Motion for Evidentiary Hearing **(Ct. Rec. 3)** and Motions to Submit Witness List **(Ct. Recs. 5 & 22)** are **DENIED AS MOOT.**

3. Judgment shall be entered in Respondent's favor.

4. This file shall be **CLOSED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward a copy to Petitioner and counsel.

**DATED** this 3rd day of August 2009.

S/ Edward F. Shea
EDWARD F. SHEA
UNITED STATES DISTRICT JUDGE

Q:\Civil\2009\3034.2254.habeas.wpd